IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:23-cr-110 |
| v. | ) | |
| NEVEAH SIMONE BOTTS, | ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | ) | |

## I. INTRODUCTION

In May 2023, Defendant sold fentanyl pills to an A.A., who subsequently overdosed and died. Defendant then sold fentanyl pills to an undercover police officer, and during the execution of a search warrant at Defendant's apartment, police found hundreds of fentanyl pills and two firearms. Due to the seriousness of her conduct, the Court should sentence Defendant to a guideline term of imprisonment.

## II. PROCEDURAL BACKGROUND

On July 18, 2023, a grand jury in the Southern District of Iowa returned a six-count Indictment charging Defendant with Conspiracy to Distribute a Controlled Substance, Title 21 U.S.C. § 841(a), 841(b)(1)(B) (Count One); Distribution of a Controlled Substance Resulting in Death or Serious Bodily Injury, Title 21 U.S.C. § 841(a), 841(b)(1)(C) (Count Two); Distribution of a Controlled Substance, Title 21 U.S.C. § 841(a), 841(b)(1)(C) (Count Three); Possession with Intent to Distribute a Controlled Substance, Title 21 U.S.C. § 841(a), 841(b)(1)(C) (Count Four); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, Title 18, U.S.C. § 924(c)(1)(A)(i) (Count Five); and Unlawful User in Possession of a Firearm, Title 18,

1

U.S.C. § 922(g)(3), 924(a)(8) (Count Six). The Indictment included a notice of forfeiture. (R. Doc. 21.)

On December 6, 2023, Defendant pleaded guilty to Count Two pursuant to a plea agreement. Defendant agreed to forfeiture as listed in the Indictment and the Plea Agreement. (R. Doc. 51, 53.) The government agreed to dismiss Counts One, Three, Four, Five and Six at the time of sentencing. (R. Doc. 85.)

Sentencing is scheduled for November 15, 2024. (R. Doc. 64.)

### III. ADVISORY GUIDELINE RANGE

There are no objections for the Court to resolve. The only issue at sentencing is the ultimate sentence to be imposed. The Guideline calculations are as follows for Count Two (Distribution of a Controlled Substance Resulting in Death or Serious Bodily Injury):

| | |
|---|---|
| Base Offense level USSG §2D1.1 | 38 |
| Maintaining a Premises USSG §2D1.1(b)(12) | +2 |
| Acceptance of responsibility | -3 |
| Total offense level: | 37 |
| Criminal history: | I |
| Guideline range: | 210-262 months' imprisonment |
| Statutory range: | 240-262 months' imprisonment |

### § 3553(a) FACTORS SUPPORT A GUIDELINE SENTENCE

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;

2.     the need for the sentence imposed -
   - A.     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   - B.     to afford adequate deterrence to criminal conduct;
   - C.     to protect the public from further crimes of the defendant; and
   - D.     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3.     the kinds of sentences available;
4.     the guideline sentencing range;
5.     any pertinent policy statement;
6.     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7.     the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). For the reasons that follow, the § 3553(a) factors support a guideline sentence of imprisonment.

In May of 2023, a tragedy occurred. A.A. died of a fentanyl overdose from pills supplied to her by Defendant. The morning of May 8, 2023, officers with the Des Moines Police Department responded to a home in Des Moines where they found A.A. deceased; her cause of death was a fentanyl overdose. A.A.'s mother provided a timeline of events leading to A.A.'s death and investigators reviewed A.A's cell phone. Investigators were able to determine Defendant was one of A.A's dealers and sold A.A. the fentanyl she died from. With that information, investigators utilized an undercover officer (UC) to purchase fentanyl from Defendant.

On May 26, 2023, the UC went to Defendant's apartment complex to purchase fentanyl pills wherein Defendant told the UC to come inside because she had her baby with her. During the drug deal, Defendant commented on the strength and quality of her fentanyl pills and said, "hit me up, I always got 'em [pills]." On June 6, 2023, UC

purchased fentanyl pills from Defendant's friend in a deal arranged by Defendant. And on June 13, 2023, Defendant sold UC fentanyl pills out of her vehicle.

On July 6, 2024, investigators executed a search warrant at Defendant's apartment. Inside, Defendant, her baby, her boyfriend, and her friend were present. Defendant was in possession of two bags containing 120 and 280 fentanyl pills, respectively. In Defendant's bedroom, investigators found baggies of marijuana, fentanyl pills, and mushrooms; a notebook with drug notes; three boxes of ammunition; various paraphernalia; a loaded Glock pistol under her pillow, and another Glock pistol in a gun case on the floor. Defendant acknowledged that she sold fentanyl pills and assisted in the acquisition of pills for her source, as well as admitted that she used fentanyl pills. A review of Defendant's phone showed her in possession of the Glock firearms as well as large amounts of cash.

While on pretrial release, Defendant was found in possession of vape cartridges at the Residential Reentry Center. Four days later, she admitted to her probation officer that she facilitated purchases of synthetic marijuana and used synthetic marijuana.

The dangerousness of defendant's conduct of distributing fentanyl cannot be overstated – the worst possible outcome occurred: A.A.'s death. Fentanyl is the deadliest drug threat the United States has ever faced, killing 38,000 Americans in the first six months of 2023 alone.[1] Accidental overdose is the number one cause of death for U.S. residents under 40 years old in 37 states.

---

[1] https://www.dea.gov/sites/default/files/2024-05/NDTA_2024.pdf?utm_medium=email&utm_source=govdelivery

https://iowacapitaldispatch.com/2023/09/05/death-rates-for-people-under-40-have-skyrocketed-blame-fentanyl/.

Defendant dealt with some familial struggles growing up, but generally her needs were always met. Defendant has minimal criminal history, but is a fentanyl addict who would benefit from substance abuse treatment. While her case was pending, Defendant violated pretrial release. And, just last month, while in the Polk County Jail, Defendant was caught snorting a prescription drug that is not prescribed to her. Additionally, Defendant has not participated in any programing or classes while in jail.

A substantial sentence of imprisonment is required based on the history and characteristics of Defendant, the nature and circumstances of the offense, and the need to protect the public from further crimes by this defendant. After considering of the advisory guidelines range and the factors under 18 U.S.C. § 3553(a), Defendant's distribution of fentanyl resulting in A.A. losing her life warrants a guideline sentence.

### IV. RESTITUTION

Under Title 18, United States Code, Section 3663, a district court may order restitution to a victim of an offense, "or if the victim is deceased, to the victim's estate," when imposing a sentence for conviction under 21 U.S.C. § 841, unless the person was a participant in the offense. *See United States v. Nossan*, 647 F.3d 822, 827 (8th Cir. 2011) (citing 18 U.S.C. § 3663(a)(1)(A)). Pursuant to Section 3663(3)(b)(3), the defendant "in the case of an offense resulting in bodily injury also

5

results in the death of a victim, pay an amount equal to the cost of necessary funeral and related services" and "reimburse the victim for lost income and necessary child care, transportation, and other expenses related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense."

The government has explained what restitution is allowed in this case; however, the victim's family is requesting restitution as explained in Gov. Ex. 2. The government respectfully requests the Court order restitution in an amount allowed by law to the victim's family, including funeral expenses. (Gov Ex. 1). The government is gathering additional receipts and will supplement them to the Court when provided.

## V.   CONCLUSION

Based on the foregoing, the government recommends a guideline sentence of imprisonment.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/Mallory E. Weiser*
Mallory E. Weiser
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut St., Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: mallory.weiser@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on November 12, 2024, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:
\_\_\_\_\_U.S. Mail _____ Fax \_\_\_\_\_Hand Delivery

 X    ECF/Electronic filing    \_\_\_\_Other means

UNITED STATES ATTORNEY
By: */s/Janna Colvin, Paralegal Specialist*